

# UNITED STATES DISTRICT COURT
for the

District of Middle District of North Carolina

Division Greensboro Division

Amended

| | |
|---|---|
| John Edward Griffith IV | Case No. 1:25CV640 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ☐ Yes ☐ No |
| -v- | |
| Guilford Technical Community College, The University of North Carolina System | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | John Griffith |
| Street Address | 207 Sandbar Circle APT 3F |
| City and County | Greensboro, Guilford |
| State and Zip Code | NC 27406 |
| Telephone Number | 910-725-9986 |
| E-mail Address | johngriff07@gmail.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Guilford Technical Community College |
| Job or Title *(if known)* | |
| Street Address | 601 East Main Street |
| City and County | Jamestown, Guilford |
| State and Zip Code | NC 27282 |
| Telephone Number | 336-334-4822 |
| E-mail Address *(if known)* | info@gtcc.edu |

Defendant No. 2

| | |
|---|---|
| Name | University of North Carolina System |
| Job or Title *(if known)* | |
| Street Address | 223 S West Street, Suite 1800 |
| City and County | Raleigh, Wake |
| State and Zip Code | NC 27603 |
| Telephone Number | 919-962-1000 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |

| | |
|---|---|
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address *(if known)* | _____ |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

> "This action arises under the Constitution, laws, or treaties of the United States."
> Plaintiff alleges violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution, FERPA (20 U.S.C. § 1232g).

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

   _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**(See Attached)**

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**(See Attached)**

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing 07/22/25

Signature of Plaintiff

Printed Name of Plaintiff    John Edward Griffith IV

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

| | |
|---|---|
| Telephone Number | 910-725-9986 |
| E-mail Address | johngriff07@gmail.com |

Case 1:25-cv-00640-TDS-LPA     Document 6     Filed 07/22/25     Page 6 of 13

# III. Statement of Claim

**Claim 1: Misclassification of Mandatory Courseware Fees** In Spring 2025, Plaintiff John Griffith was a student at Guilford Technical Community College (GTCC) utilizing U.S. Department of Veterans Affairs (VA) education benefits under the GI Bill. GTCC charged Mr. Griffith a digital courseware fee that was presented to students as an "opt-out" optional charge but was in fact required to complete coursework (assignments, quizzes, etc.). Because the fee was labeled optional, GTCC did not report it to the VA for payment, which forced Mr. Griffith to pay out-of-pocket despite this being a mandatory course cost. On April 23, 2025, Mr. Griffith formally emailed GTCC's Cashiers and VA Office requesting that the fee be reclassified as a required instructional material and submitted to the VA for coverage.

GTCC officials responded to Mr. Griffith's inquiry, but the issue remained unresolved. Lisa Koretoff, GTCC's Director of Financial Aid, spoke with Mr. Griffith by phone on May 21, 2025 about the fee. Mr. Griffith understood from that call that the college had agreed to remove or cover the charge, and he briefly stopped pressing the issue in reliance on this understanding. However, in a follow-up email later that day, Ms. Koretoff told Mr. Griffith that GTCC did not have the ability to "take care of the charge" and urged him to seek assistance from the college's "TitanLink" emergency fund as an alternate way to pay the debt. This reversal contradicted Mr. Griffith's understanding of the phone conversation and left the VA billing dispute unresolved.

Because the courseware fee remained unpaid and disputed, GTCC placed a financial hold on Mr. Griffith's student account. By late May 2025, this hold was still in effect and prevented Mr. Griffith from registering for his summer 2025 classes. In emails to GTCC, Mr. Griffith noted that he was unable to enroll in any courses as long as the hold remained on his record.

**Claim 2: Administrative Retaliation and Forced Graduation** On or about May 30, 2025, with the summer term registration deadline approaching, Mr. Griffith went in person to the GTCC Cashier's Office on the Jamestown campus to address the fee and remove the hold. Instead of resolving the billing issue at the counter, GTCC staff summoned campus police during Mr. Griffith's visit. Three campus police officers arrived, and Ann Proudfit (a GTCC administrator) met with Mr. Griffith in a conference room. Ms. Proudfit reiterated the offer to use GTCC's "TitanLink" fund to cover the fee as a stop-gap solution. Facing an imminent cutoff for enrollment, Mr. Griffith agreed the next day to allow TitanLink funds to be applied to his account – making clear that he did so under protest, since he maintained the charge should have been covered by VA benefits.

Within about a day of Mr. Griffith accepting the TitanLink arrangement, GTCC abruptly changed his enrollment status. On June 3, 2025, the college's Records Office called to inform Mr. Griffith that he had been graduated from his associate degree program, with a degree conferred retroactively to May 12, 2025. This surprise graduation was initiated by GTCC without Mr.

Griffith's request or consent and despite the fact that he had not completed all required coursework (he still needed to retake a required math class in the summer term). Mr. Griffith immediately objected in writing, stating that he had not authorized any such program completion and still had outstanding credits. Nonetheless, on June 4, 2025, GTCC (through Records official Keith Karriker) responded that since all requirements were deemed met, the college had officially conferred his degree effective May 12. Mr. Griffith was further told that if he wished to continue his studies, he would need to enroll in a new program and re-certify his VA educational benefits as a new student, effectively barring him from his original program of study.

**Claim 3: Undisclosed Email Rerouting** Later in June 2025, Mr. Griffith discovered that GTCC was intercepting his email communications without notice. On June 23, 2025, a faculty member informed Mr. Griffith that an academic email Mr. Griffith had sent to the instructor never reached the professor's inbox directly; instead, the message was routed to GTCC's Student Services department for review before being forwarded to the faculty recipient. The professor found this relay process highly unusual and filed an IT help ticket to investigate the email rerouting. Mr. Griffith received no prior notification that his outgoing student emails were being monitored or redirected in this manner.

**Claim 4: Improper Conduct Warnings and Records Obstruction** During this same period, GTCC administrators issued written "conduct" warnings to Mr. Griffith, apparently in response to his persistent questioning of the fee issue. In two emails sent in late June 2025, college officials characterized Mr. Griffith's tone as "hostile" and suggested that his continued inquiries might violate the student code of conduct. These warnings were delivered shortly after Mr. Griffith submitted his public records request regarding GTCC's VA billing practices. The warning notices did not cite any specific misbehavior; their timing and vague language indicated that they were prompted by Mr. Griffith's lawful emails and records requests, attempting to recast his legitimate questions as a potential conduct problem.

Also in June 2025, Mr. Griffith made a formal North Carolina Public Records Law request to GTCC seeking documentation of the college's VA billing practices – including records related to the "opt-out" courseware fees and the use of TitanLink funds. GTCC's response to this request was both delayed and incomplete. On June 20, 2025, GTCC Vice President Jan Knox emailed Mr. Griffith with an attached "response" to his public information requests, but only a partial set of records was provided. As of July 2025, GTCC had not produced all the requested records, and the college offered no valid legal justification (no applicable exemption) for withholding the remaining information. This failure to fully comply with the public records request, even after statutory deadlines passed, led Mr. Griffith to seek intervention from state oversight authorities in late June 2025.

**Closing Context** The events above unfolded on GTCC's Jamestown, NC campus and through official GTCC communications between late April 2025 and July 2025. Mr. Griffith's effort to correct a misclassified fee was met with a series of escalating actions by GTCC staff at each stage. The misrepresentation of a required fee as "optional" and the resulting account hold led to involvement of campus police, a forced graduation status change, covert email routing, disciplinary warnings, and incomplete compliance with Mr. Griffith's records requests. Each of

these factual occurrences is documented by emails, internal tickets, or correspondence in the attached exhibits (Exhibits 1–12). *Exhibits 13 and 14, containing Mr. Griffith's notarized affidavit of lineage and personal declaration, respectively, are submitted separately and are referenced here solely for identification and contextual completeness, without bearing on the claims of wrongdoing.*

**"Exhibits 1 through 14, originally submitted with the initial complaint, are incorporated herein by reference without change."**

## IV. Relief

The plaintiff seeks $4,000,000 in grossed-up monetary damages as redress for the institutional misconduct and personal harm suffered. This amount reflects both actual losses and the amplified impact of GTCC's actions across multiple dimensions:

**Systemic Harm to Veterans:** GTCC's misclassification of mandatory courseware fees has, by conservative estimate, extracted approximately $1.4 million in out-of-pocket costs from veterans enrolled at the institution. While this filing is not under the False Claims Act, similar financial misconduct under that statute would be subject to treble damages—approximately $4.2 million—which provides a rational basis for the requested amount.

**Personal Retaliation and Administrative Sabotage:** The plaintiff was subjected to a coordinated pattern of retaliation after seeking answers, including:

- Premature and unauthorized graduation,
- Interception and rerouting of academic emails,
- Conduct warnings issued after formal complaints,
- Delayed responses to public records requests,
- And institutional gaslighting that created cognitive and emotional distress.

**Loss of Enrollment and VA Benefits:** GTCC's obstruction caused the plaintiff to miss enrollment deadlines, lose access to educational benefits, fall behind on monthly bills, and disrupt academic momentum. These are not theoretical damages—they are lived financial and educational losses.

**Ongoing Reputational and Psychological Harm:** The plaintiff continues to bear the weight of this administrative abuse. The stress of navigating unlawful institutional behavior has exacted a personal toll—delaying progress, degrading trust, and consuming time and resources that could have gone toward advancement.

**Gross-Up Justification:** The $4,000,000 sought is not an arbitrary figure. It is a grossed-up amount that reflects:

- The actual financial loss to both the plaintiff and the veteran population,
- The deterrent needed to disincentivize similar misconduct across the UNC System,
- The costs of emotional labor, reputational damage, and missed opportunity,

- And the imbalance of power between a public institution and an individual veteran forced to seek redress through litigation.

The plaintiff also respectfully requests that the court award **any additional monetary relief the court deems just and proper**, should further discovery or testimony reveal greater damages or ongoing institutional harm.

### Injunctive Relief

The plaintiff additionally seeks the following **equitable and injunctive relief**:

1. **Permanent Elimination of "Opt-Out" Billing Practices at GTCC:**
   GTCC shall immediately discontinue the use of opt-out billing models for any course materials that are functionally required to complete coursework. All required instructional materials must be classified and reported in accordance with VA policies.

2. **Mandatory Static Homepage Acknowledgment (GTCC):**
   GTCC shall post a **non-rotating, static statement** on the homepage of its official website for **no fewer than 90 consecutive days**, which:

   - Admits that functionally required courseware was misclassified as "optional";
   - Offers a pathway for **veterans to request refunds** for misclassified charges incurred between **2022 and 2025**;
   - Includes a dedicated contact for those seeking redress.

3. **Media Accountability (GTCC):**
   GTCC shall publish a **public press release**, approved in advance by the plaintiff, in a **local or regional media outlet** selected by the plaintiff. The release must:

   - Acknowledge the misclassification of fees and the corrective actions taken;
   - Publicize the 90-day refund period;
   - Be issued within **30 days of final judgment or settlement**.

4. **Personnel Accountability – Ann Proudfit:**
   GTCC shall immediately remove **Vice President Ann Proudfit** from any supervisory position over student conduct, VA certification, registrar activities, or public records compliance. Her continued involvement in those capacities would constitute an ongoing

risk of retaliation and institutional harm.

5. **UNC Systemwide Enforcement:**
   The University of North Carolina System shall issue a binding directive to **all affiliated community colleges** mandating the elimination of "opt-out" billing practices for any instructional materials that are functionally required. Affected colleges must confirm compliance within **60 days** of final judgment or settlement.

6. **Institutional Press Releases from All UNC-Affiliated Colleges Using Opt-Out Models (2022–2025):**
   Each UNC System-affiliated community college that utilized an opt-out billing model for functionally required courseware between **2022 and 2025** shall:

   o Issue a press release approved by the plaintiff;

   o Submit it to a local or regional media outlet within **30 days** of final judgment or settlement;

   o Include contact details and a refund policy for affected veterans;

   o Post the press release or equivalent statement prominently on their homepage for **no fewer than 90 days.**
   Failure to comply will constitute a violation of this injunctive relief and be subject to enforcement by the Court.

**Implementation Timeline and Enforcement**

GTCC shall publish the required static homepage message within **ten (10) business days** of final judgment and shall maintain that message in an unscrollable, unrotating, front-and-center format for no fewer than **ninety (90) consecutive days.**

GTCC shall additionally issue a public press release, approved by the plaintiff, to a local media outlet within **fifteen (15) business days** of final judgment, detailing the misconduct and offering refunds to any veteran student who paid misclassified courseware fees between **July 2022 and the present**. The refund offer must remain valid for **at least ninety (90) days** from the date of public notice.

UNC System shall, within **thirty (30) calendar days** of final judgment, issue a public statement acknowledging its oversight failures and outlining corrective measures. It shall also require all North Carolina community colleges under its authority that used opt-out digital courseware billing between **July 2022 and the present** to (1) publish their own homepage messages, (2) offer a 90-day refund window to affected veteran students, and (3) issue press releases to their respective local outlets—all with language and placement to be reviewed and approved by the plaintiff before release.

Failure to meet these deadlines shall entitle the plaintiff to seek expedited enforcement or contempt sanctions as deemed appropriate by the Court.

---

This relief is designed not merely to compensate—but to correct, deter, and prevent future violations through institutional transparency, systemic reform, and veteran-centered accountability.

As a model for compliance, CPCC's tuition-inclusive billing structure—where courseware fees are transparently bundled into registration and certified to the VA—demonstrates a feasible and system-compatible alternative. If any institution under the UNC System is uncertain how to proceed, they need look no further than Central Piedmont.

Respectfully submitted,
**John Griffith**
*Plaintiff, Pro Se*

07/22/25