| | |
|---|---|
| JOHN EDWARD GRIFFITH, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      1:25cv640 |
| | ) |
| GUILFORD TECHNICAL | ) |
| COMMUNITY COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the (i) Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) (the "Application") filed by John Edward Griffith, IV (the "Plaintiff") in conjunction with his pro se complaint (Docket Entry 2) (the "Complaint"), which he subsequently amended (Docket Entry 6) (the "Amended Complaint"),[1] against Guilford Technical Community College ("GTCC") and the University of North Carolina System (the "UNC System"), as well as (ii) the Motion for Permission to File Electronically (Docket Entry 5) (the "ECF Motion"), and (iii) Plaintiff's Motion for Ruling on IFP Application (Docket Entry 7) (the "Ruling Motion"). The Court will grant the Application for the limited purpose of recommending dismissal of

---

1 Filed the day after the Complaint, the Amended Complaint adds a request for injunctive relief. (Compare Docket Entry 2 at 1-11, with Docket Entry 6 at 1-13.) [Docket Entry page citations utilize the CM/ECF footer's pagination.]

this action, mooting the Ruling Motion, and will deny the ECF Motion.

**APPLICABLE LEGAL PRINCIPLES**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [i]s not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. FMC Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action," inter alia, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff "fails to state a claim on which relief may be granted," <u>id.</u>, when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned,

2

the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In conducting this analysis, a pro se complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the Court "will not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 455 (4th Cir. 2013) (internal quotation marks omitted); see also Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (explaining that the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions" (internal quotation marks omitted)). The Court also "put[s] aside any naked assertions devoid of further factual enhancement." SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015), as amended on reh'g in part (Oct. 29, 2015) (internal quotation marks omitted). "At bottom, determining whether a complaint states . . . a plausible claim for relief . . .

3

will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

## BACKGROUND

This matter arises from a dispute regarding appropriate classification of certain fees at GTCC. (See generally Docket Entry 6.) According to the Amended Complaint, "Plaintiff alleges violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution[ and] FERPA (20 U.S.C. § 1232g)." (Id. at 3.) For these alleged violations, Plaintiff seeks monetary and injunctive relief, namely $4 million in damages, reclassification of the disputed "courseware fees" (id. at 10), publication of certain notices and "public press release[s], approved in advance by . . . [P]laintiff" (id. (bold font omitted)), the establishment of a refund process, and the reassignment of a specific GTCC employee. (See id. at 10-13.) Simultaneously with filing the Complaint, Plaintiff filed the ECF Motion, asking for "permission to become a registered user of the Court's CM/ECF system to file, receive, and serve documents electronically." (Docket Entry 5 at 1.) Less than three weeks later, Plaintiff filed the Ruling Motion, requesting "a ruling on his pending Application." (Docket Entry 7 at 1.)

4

**DISCUSSION**

"Section 1983 provides a remedy . . . for the deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (quoting 42 U.S.C. § 1983); see also Lindiment v. Jones, No. 1:17cv501, 2017 WL 4119644, at *4 (M.D.N.C. Sept. 15, 2017) ("The statutory basis for federal claims involving constitutional violations by state actors appears in 42 U.S.C. § 1983."), recommendation adopted, No. 1:17cv501, 2017 WL 4417676 (M.D.N.C. Oct. 3, 2017). Under Section 1983, "[e]very person who, under color of [state law,] . . . depriv[es another] of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[ or] in equity." 42 U.S.C. § 1983. Accordingly, to state a claim for relief under Section 1983, Plaintiff must provide factual allegations showing "that [he] w[as] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). He must also allege that a "person" subjected him to such deprivation. See, e.g., Land v. Burke, No. 1:19cv1084, 2020 WL 3545147, at *3 (M.D.N.C. June 30, 2020).

However, "a State is not a person within the meaning of § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 64

(1989); <u>see also</u> <u>id.</u> at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). The same holds true for "state agencies and other governmental entities that can be viewed as arms of the state." <u>Doe v. University of N.C. Sys.</u>, 133 F.4th 305, 313 (4th Cir. 2025) (internal quotation marks omitted); <u>see also</u> <u>Huang v. Board of Governors of Univ. of N.C.</u>, 902 F.2d 1134, 1139 n.6 (4th Cir. 1990) (explaining that "alter egos of the state . . . are not 'persons' within the meaning of § 1983"). GTCC and the UNC System (collectively, the "Defendants") both qualify "as arms of the state," <u>Doe</u>, 133 F.4th at 313 (internal quotation marks omitted). <u>See</u> <u>id.</u> at 313-15 (reaffirming that UNC System qualifies as "an arm of the state"); <u>Blackburn v. Trustees. of Guilford Tech. Cmty. Coll.</u>, 822 F. Supp. 2d 539, 543 (M.D.N.C. 2011) ("GTCC . . . is an 'arm of the State' . . . ."). Accordingly, they do not constitute "persons" for purposes of Section 1983. <u>See, e.g.,</u> <u>Huang</u>, 902 F.2d at 1139 n.6 (explaining that, although sovereign immunity also barred Section 1983 claim, "[a]n alternative and potentially dispositive basis for denial of the § 1983 claims against NCSU, the NCSU governing board, the Board of Governors of the University of North Carolina, and the individual defendants in their official capacities is that, as alter egos of the state, they are not 'persons' within the meaning

6

of § 1983"). As such, Plaintiff fails to state a viable claim against Defendants, warranting dismissal of the Amended Complaint.

Additionally, "FERPA does not provide private parties the right to enforce that statute through private claims." Doe v. Erskine Coll., Civ. Action No. 8:04-23001, 2005 WL 8163323, at *2 (D.S.C. June 22, 2005). "Congress enacted FERPA under its spending power to condition the receipt of federal funds on certain requirements relating to the access and disclosure of student educational records." Gonzaga, 536 U.S. at 278. "[FERPA] directs the Secretary of Education to withhold federal funds from any public or private 'educational agency or institution' that fails to comply with these conditions." Id. However, "FERPA create[s] no personal rights to enforce under 42 U.S.C. § 1983." Id. at 276. Because FERPA "create[s] no rights enforceable under § 1983," id. at 290, Plaintiff's FERPA claim(s) fail as a matter of law, independently necessitating dismissal of such claim(s).

As for Plaintiff's remaining requests, this Opinion's adjudication of the Application moots the Ruling Motion. (See Docket Entry 7 at 1 ("mov[ing] the Court for a ruling on [Plaintiff's] pending Application").) Further, given the action-specific nature of CM/ECF registration for a pro se party, the anticipated termination of this action militates against granting such permission. See M.D.N.C. LR 5.3(c)(2) ("Upon the approval of the assigned Judge, a party to a case who is not represented by an

7

attorney may register as a CM/ECF Filing User in the CM/ECF System solely for the purpose of the action." (emphasis added)). Additionally, electronic filing requires close attention to various rules and instructions, see, e.g., M.D.N.C. LR 5.3 (outlining various electronic filing requirements), and the ECF Motion itself violates this Court's Local Rules, as Plaintiff failed to include a brief in support of such motion (see Docket Entries dated July 21, 2025, to present), see M.D.N.C. LR 7.3(a) & (j) (explaining that, aside from certain non-relevant exceptions, "[a]ll motions, unless made during a hearing or at trial, shall be in writing and shall be accompanied by a brief"). Under these circumstances, the Court will deny the ECF Motion.

**CONCLUSION**

The Amended Complaint fails to state a viable claim, warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Resolution of the Application moots the Ruling Motion, and the circumstances of this action militate against granting Plaintiff's request to file electronically.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS FURTHER ORDERED** that (i) the ECF Motion (Docket Entry 5) is **DENIED** and (ii) the Ruling Motion (Docket Entry 7) is **DENIED AS MOOT.**

8

**IT IS RECOMMENDED** that the Court dismiss this action for failure to state a claim.

This 20th day of March, 2026.

/s/ L. Patrick Auld  
L. Patrick Auld  
United States Magistrate Judge

9